UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 21-49742 |
| HAROLD J. JACKSON, JR., *pro se,* | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |
| _____/ | |
| HAROLD J. JACKSON, JR., *pro se*, | |
| Plaintiff, | |
| v. | Adv. No. 22-4083 |
| WELLS FARGO BANK N.A., *pro se,* | |
| Defendant. | |
| _____/ | |

**ORDER DISMISSING ADVERSARY PROCEEDING**

On December 17, 2021, the Plaintiff/Debtor, Harold J. Jackson, Jr. (the "Plaintiff"), filed a voluntary petition for relief under Chapter 7, commencing Case No. 21-49742. On May 17, 2022, the Plaintiff filed this adversary proceeding, alleging claims against Defendant Wells Fargo Bank N.A.[1]

The Court concludes that this adversary proceeding must be dismissed, for the following reasons.

The claims that the Plaintiff is asserting in this adversary proceeding currently are property of the bankruptcy estate in the Debtor's Chapter 7 case. As matters currently stand, only the Chapter 7 Trustee may prosecute the claims, and the filing of these claims by the Plaintiff,

---

[1] *See* Docket # 1.

and any continued prosecution of the claims by the Plaintiff, are violations of the automatic stay, under 11 U.S.C. § 362(a)(3).[2] *See Michigan First Credit Union v. Smith* (*In re Smith*), 501 B.R. 325, 326 (Bankr. E.D. Mich. 2013); *In re Stinson*, 221 B.R. 726, 730-31 (Bankr. E.D. Mich. 1998). Unless and until the Chapter 7 Trustee abandons these claims under 11 U.S.C. § 554, only the Chapter 7 Trustee has standing and authority to pursue the claims. *See, e.g., Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012); *Ukrainian Future Credit Union v. Garak* (*In re Garak*) 569 B.R. 684, 685 (Bankr. E.D. Mich. 2017); *Smith*, 501 B.R. at 326; *Stinson*, 221 B.R. at 729, 731 & n.3.

Accordingly,

IT IS ORDERED that this adversary proceeding is dismissed.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of the Chapter 7 Trustee to file and prosecute the claims asserted in this adversary proceeding, and without prejudice to the right of the Plaintiff to file and prosecute such claims in an appropriate non-bankruptcy court, if, after, and to the extent that the claims are no longer property of the bankruptcy estate in the Debtor's bankruptcy case.

**Signed on May 23, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[2] Section 362(a) creates an automatic stay of, among other things, "any act . . . to exercise control over property of the estate."